**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10434 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00223-GMN-LRL-1 |
| v. | |
| RONALD DAIN HARRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted July 14, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN, District
Judge.[***]

Ronald Harris appeals the district court's denial of his motion to suppress an

admission supporting his conviction for being a felon in possession of a firearm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

violation of 18 U.S.C. § 922(g)(1). We review the district court's denial of the motion to suppress de novo. The district court's factual findings, including the finding that the waiver was knowing and intelligent, are reviewed for clear error. *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 855 (9th Cir. 2005). We affirm.

Contrary to Harris's assertion, the district court considered the totality of the circumstances to determine whether Harris voluntarily and knowingly waived his right to remain silent. The district court did not err in applying *United States v. George,* 987 F.2d 1428, 1431 (9th Cir. 1993).

The district court did not clearly err in finding that Harris was not too intoxicated to knowingly waive his right to remain silent. Despite his intoxication, Harris was coherent and responsive to questions and directions. *Id.* Harris cooperated, followed orders, and answered questions, providing his name, social security number, date of birth, the date of his release from prison, the nature of his prior conviction, and the length of his sentence. Harris offered to prove his identity with a bank card and his mother's maiden name. Just before the officer read Harris his *Miranda* rights, Harris again responded to questions and followed directions. Harris walked out of the security office without assistance. The officer

testified that Harris was awake, appeared to understand his rights, and responded "yes" when asked if he understood his rights.

Nor did the district court err in holding that the waiver was voluntary. There is no evidence in the record that officers intimidated, coerced, or deceived Harris. *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008) (noting that voluntariness depends on police overreaching and knowledge depends on mental capacity).

Finally, the magistrate judge did not usurp the prosecutor's role by asking non-leading questions of the government's witness at the evidentiary hearing. The magistrate judge had broad discretion to question the witness and did not exhibit any bias. *United States v. Alfaro*, 336 F.3d 876, 883-84 (9th Cir. 2003).

**AFFIRMED.**